UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLVIA V. KALPOKAS,

    Plaintiff,

v.                                        CASE No. 8:05-CV-363-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for a closed period of Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, it will be affirmed.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has some college education, has worked as a

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

phlebotomist, casino dealer, pharmacy technician, and motel owner and manager (Tr. 83). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on December 19, 2000, due to eye, neck, and head injuries sustained in an automobile accident and macular degeneration (Tr. 96). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. After the hearing, the plaintiff, through counsel, amended her claim to seek a closed period of disability from December 19, 2000, until March 25, 2003. The law judge found that, during this period, the plaintiff suffered from severe impairments of cognitive impairment status-post closed-head injury, bipolar disorder, personality disorder (NOS), anxiety, a history of drug abuse and low back pain (Tr. 16). She concluded that these impairments restricted the plaintiff to a limited range of light work (Tr. 22). Specifically, she determined that the plaintiff required an option to alternate sitting and standing, and could only occasionally balance, stoop, or climb ramps and stairs (id.). The law judge found further that the plaintiff could not perform work that exposed her to dangerous heights or moving machinery, or that required climbing of ladders, crouching,

kneeling or crawling. Finally, the law judge found that the plaintiff's work capacity was limited by an inability to perform detailed or complex tasks and that she could have only occasional interaction with the public (id.). The law judge ruled that these limitations prevented the plaintiff from returning to her past work (Tr. 24). However, based upon the testimony of a vocational expert, the law judge concluded that there were jobs in the national economy that the plaintiff could have performed, such as folding machine operator, silverware wrapper, and seedling sorter (Tr. 25). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

On December 19, 2000, the plaintiff was involved in an automobile accident in which she rear-ended a school bus. The plaintiff suffered serious injuries in the accident, including a closed-head injury. However, the law judge found that the plaintiff's injuries had largely resolved by September 2001. The law judge, nevertheless, found that the plaintiff suffered from several severe impairments, but concluded that she retained the ability to perform a limited range of light work (Tr. 22).

The plaintiff confines her challenge in this suit to the law judge's handling of just one of the plaintiff's problems: headaches (Doc. 21). In particular, the plaintiff argues that the law judge did not evaluate the plaintiff's headaches, and that this failure resulted in errors with respect to whether the headaches were a severe impairment, whether the plaintiff's testimony concerning headaches was credible, and whether the hypothetical question to the vocational expert should have included functional limitations due to headaches.

The plaintiff testified at the hearing that she experiences headaches a couple of times each day (Tr. 552-53). She stated that she

sometimes takes medications for the headaches, but that the medication does not work (Tr. 553; see also Tr. 257).

Importantly, however, the plaintiff in her testimony did not express any functional limitations from her headaches. Thus, she did not testify that the headaches were debilitating, or even that they interfered with her daily activities. Notably, the question about headaches was asked by the law judge (Tr. 552). The plaintiff's attorney did not ask the plaintiff about functional restrictions due to headaches, and, in fact, did not even mention headaches in his questioning of the plaintiff or the vocational expert.

Moreover, the question by the law judge about headaches related to the time of the hearing (id.). That, however, was the end of the alleged closed period of disability. In other words, at that point, the plaintiff was no longer claiming that she was disabled by anything, including headaches. There was no testimony from the plaintiff asserting that, during the closed period, she had functional limitations from headaches.

The plaintiff's testimony that she was having headaches is not sufficient to support a claim of disability. "Disability is determined by the effect an impairment has on the claimant's ability to work...." Davis v. Barnhart, 153 Fed. Appx. 569, 572 (11th Cir. 2005), 2005 WL 2510227. There

-6-

is nothing in the plaintiff's testimony that indicates that the plaintiff's headaches interfered with her ability to work. People can, and do, function effectively with headaches.

Under these circumstances, the plaintiff's testimony about headaches did not need to be addressed by the law judge since it did not reflect a limitation on the plaintiff's ability to work. Notably, the law judge expressly acknowledged the plaintiff's testimony about headaches (Tr. 17), so that this was not an impairment that the law judge overlooked. Rather, the testimony simply was not probative on the claim of disability.

Furthermore, even assuming that there was something in the plaintiff's testimony about headaches that warranted a credibility evaluation, it would be covered by the law judge's credibility determination. The law judge explained in detail why she found the plaintiff's testimony not fully persuasive (Tr. 21; see also Tr. 24). Those reasons would also support discounting the plaintiff's testimony concerning headaches, if there had been any alleged limitations to discount.

For these reasons, the law judge did not commit reversible error in her handling of the plaintiff's testimony concerning headaches.

Similarly, the plaintiff's complaint that the law judge failed to determine whether the plaintiff's headaches constituted a severe or nonsevere impairment does not warrant a reversal of the decision. It is clear to me that the law judge implicitly concluded that the headaches were a nonsevere impairment. The law judge considered the evidence and found that the plaintiff had several severe impairments. Further, she was aware of the plaintiff's allegations of headaches, since the law judge recounted the plaintiff's testimony about that condition. Obviously, therefore, the law judge concluded that the plaintiff's headaches were a nonsevere impairment, and such an implicit conclusion is permissible. See Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986).

The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a).

In light of the lack of any evidence of functional limitations due to headaches, the law judge's conclusion that the headaches are not a severe

impairment is amply supported by the record. In the first place, the plaintiff's failure to make an issue out of her headaches at the hearing justifies refusing to hear now – after a change of counsel – a claim that her headaches are a severe impairment. See Street v. Barnhart, 133 Fed. Appx. 621, 627 (11th Cir. 2005), 2005 WL 1164202. If the plaintiff wanted to make such an allegation, the time to do it was at the administrative hearing. Thus, while it would have been preferable for the law judge to evaluate expressly the allegations of headaches, she can hardly be faulted for not doing so in light of the plaintiff's failure to testify to any functional limitations from headaches, and plaintiff's counsel's failure to mention headaches at all.

Furthermore, even if the issue of whether the headaches are a severe impairment is considered despite the plaintiff's failure properly to assert it, there is no evidence showing that headaches are a severe impairment. Of course, as indicated, there is nothing in the plaintiff's testimony supporting such a conclusion.

Further, no doctor has opined any functional limitations due to headaches. The most there is in the record is a conclusory statement from the plaintiff's primary care physician, Dr. Eugene R. DeLucia, III, opining that the plaintiff is currently totally disabled due to a diagnosis of "memory loss,

headaches, chronic neck and pain, fibromyalgia, insomnia, diplopia, and vertigo" (Tr. 333). Wholly aside from the fact that this opinion is subject to being discounted because it is conclusory, Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1159 (11th Cir. 2004), it does not purport to identify any functional limitations caused by headaches.

Therefore, neither the plaintiff's testimony nor any doctor's opinion supports a finding that the plaintiff during the closed period had functional limitations due to headaches. Consequently, there is no evidence showing that the plaintiff's headaches significantly affected her ability to work. Because the plaintiff had the burden to make such a showing, Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987), and failed to do so, the law judge's implicit conclusion that the plaintiff's headaches were not a severe impairment should be affirmed.

The plaintiff's final argument relating to headaches concerns the hypothetical questions to the vocational expert. The suggestion is that the hypothetical questions should have included functional limitations due to headaches. As indicated, however, there is no evidence of functional limitations from headaches. Therefore, there is nothing wrong with the hypothetical questions.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of March, 2006.

                                         THOMAS G. WILSON
                                  UNITED STATES MAGISTRATE JUDGE